UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION LONDON

| | | |
|---|---|---|
| HAROLD J. THORNTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:11-CV-035-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND** |
| RICHARD IVES, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | | |

\*\* \*\* \*\* \*\* \*\*

**I.**

While Harold J. Thornton ("Thornton") was an inmate in the United States Penitentiary - McCreary ("USP-McCreary"), in Pine Knot, Kentucky,[1] he submitted pleadings to the Court that the Clerk of the Court docketed as motions for the appointment of counsel [R. 2, 3] to represent him in a habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, challenging the enhancement of his federal sentence. Although neither of Thornton's motions for the appointment of counsel was captioned as a § 2241 habeas corpus petition, and there is no habeas corpus petition accompanying these motions, the Clerk of the Court has docketed Thornton's motions and

---

[1] Thornton has since been transferred to the Allenwood Federal Prison Camp ("FPC-Allenwood") located in White Deer, Pennsylvania. Nevertheless, this Court's jurisdiction over this matter was established at the time Thornton filed the habeas petition and is not defeated by Thornton's subsequent transfer to another judicial district. *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus relief and is not destroyed upon the petitioner's subsequent transfer or custodial change) (citations omitted).

1

supporting memorandum as a habeas corpus proceeding.[2]  By Order of August 24, 2011, Thornton was granted leave to proceed *in forma pauperis* [R. 4].[3]

In this construed § 2241 habeas petition, Thornton challenges his sentence enhancement under the Armed Career Criminal Act ("ACCA"), requests the appointment of counsel, and requests that this action be transferred to the Middle District of Florida, Tampa Division (hereafter "Trial Court") so that he can be resentenced without the Career Offender enhancement.  For the reasons set forth below, Thornton is not entitled to relief under § 2241. The Court denies his motions for the appointment of counsel, denies his request to transfer this matter to the Middle District of Florida, and denies his petition.  Therefore, the Court dismisses this proceeding as well.

## II.

On March 6, 1998, a petit jury in the United States District Court for the Middle District of Florida, Tampa Division, found Thornton guilty of three counts of drug trafficking, violations of 21 U.S.C. § 841A.  *See United States of America v. Harold Thornton*, Case No. 8:97-cr-082-RAL ("the 082 case").  Later, in a separate criminal case in the Middle District of Florida, *United States of America v. Harold Thornton*, Case No. 8:97-cr-083-RAL ("the 083 case"), on May 6, 1998, a petit jury found Thornton guilty of (1) the unlawful transportation of firearms, in violation of 18 U.S.C. § 922G; (2) importing explosive material, in violation of 18 U.S.C. §

---

[2] Being a *pro se* petition, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

[3] This matter is now before the Court for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

842A; (3) unlawfully receiving an unregistered firearm, in violation of 26 U.S.C. § 5861D; and (4) possession of narcotics, in violation of 21 U.S.C. § 844A.

Thornton was sentenced in both cases on July 24, 1998. In the "082" case, Thornton received a life sentence of imprisonment on each count of the indictment, with the life sentences to run concurrently with one another. In the "083" case, Thornton received a life sentence of imprisonment on Count 1s (the unlawful transportation of firearms offense), and concurrent, 120-month sentences on the remaining counts on which he was convicted. Thornton's conviction and sentence in each of these two cases were affirmed on appeal.

Subsequently, Thornton moved the Trial Court, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence. These motions were denied.

### III.

Thornton appears to claim that the Trial Court improperly sentenced him under the Armed Career Criminal Act ("ACCA") and that based on newly discovered evidence, he is actually innocent of his career offender sentencing enhancement. He asserts that the Trial Court improperly sentenced him to life in prison for a non-existent enhancement, resulting in a miscarriage of justice. He submits that he is entitled to proceed under the savings clause of 28 U.S.C. § 2255. As grounds for his claims, Thornton relies on *Johnson v. United States*, 130 S.Ct. 1265 (2010) and *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), *vacated, rehearing en banc granted by* 625 F.3d 716 (11th Cir. 2010), as the newly discovered evidence that supports his claim.

## IV.

In analyzing this matter, the Court accessed the Public Electronic Access to Public Records ("PACER") website, http://www.pacer.gov/[4] and reviewed the docket sheets for both of Thornton's criminal convictions in the Trial Court. The Court was only able to review the docket sheets themselves and was unable to access any of the documents filed prior to November 1, 2004.[5] Since Thornton's conviction and sentencing pre-dates November 1, 2004, this Court was unable to access the actual sentencing Order and Judgment and/or the transcript of the sentencing hearing and was only able to review the docket entry itself. Thus, it is unclear to this Court whether Thornton's sentence was enhanced to a life sentence under the ACCA, pursuant to 18 U.S.C. § 3559(c), or whether his sentence was enhanced under Sentencing Guideline § 4B1.1 because he had two prior drug convictions under 21 U.S.C. § 841(b)(1)(A).

Regardless, Thornton may not challenge his enhanced sentence in this § 2241 habeas proceeding. Such claims must be pursued by filing a post-conviction motion under 28 U.S.C. § 2255 with the Trial Court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123-24 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under § 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1999).

---

[4] PACER compiles information about criminal and civil actions filed in all federal courts.
[5] In the Middle District of Florida, remote access to documents filed in criminal cases prior to November 1, 2004, is not available.

The narrow "safety valve" provision found in § 2255(e) permits a prisoner to challenge the legality of his conviction through a § 2241 petition when his remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision only where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of having violated in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."). For two independent reasons, however, that avenue is not available to Thornton in this case.

First, Thornton's challenge to his sentence, as opposed to his conviction, does not fall under the savings clause. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (holding that federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed.").

This Court has applied this rule to sentencing enhancements challenges, an approach which the Sixth Circuit has approved. *Cf. Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (holding that claim that sentencing court improperly enhanced sentence based upon prior state conviction is not cognizable under § 2241).

Second, Thornton cites a recent decision by the Eleventh Circuit, *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010), which held that a prisoner may challenge the use of a prior conviction to enhance his sentence as a career offender through a habeas corpus petition under § 2241. The *Gilbert* court held that "[f]or federal sentencing purposes, the act of being a career offender is essentially a separate offense, with separate elements (two felony convictions for violent felonies), which must be proved, for which separate and additional punishment is provided," *id*. at 1165, and concluded that a petitioner may utilize § 2241 to assert that "he is innocent of the statutory 'offence' of being a career offender." *Id*. at 1166.

*Gilbert* does not assist Thornton because the Eleventh Circuit granted the government's petition for rehearing, vacated the original panel opinion, and heard the case *en banc*. *See Gilbert v. United States*, 625 F.3d 716 (11th Cir. 2010). Following an *en banc* hearing, on May 19, 2011, the Eleventh Circuit affirmed the district court's denial of Gilbert's § 2241 petition and held that the savings clause contained in 28 U.S.C. § 2255(e) does not permit a federal prisoner to challenge his sentence in a § 2241 petition when he cannot raise that challenge in a § 2255 motion because of the §2255(h) bar against second and successive motions, at least where the sentence the prisoner is challenging does not exceed the statutory

6

maximum. *Gilbert v. United States,* 640 F.3d 1293 (11th Cir. 2011). Thus, the Eleventh Circuit's *en banc* decision in *Gilbert* provides no support for Thornton, and in fact, does just the opposite. Consistent with *Gilbert*, Thornton's claim may not be pursued in this habeas proceeding pursuant to 28 U.S.C. § 2241.

Because Thornton has not shown that he is actually innocent of being a career offender under either the ACCA or 21 U.S.C. § 841(b)(1)(A), or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply. Consequently, he has the option of filing a motion in the Trial Court for permission to file a second or successive motion to vacate, alter, or amend sentence pursuant to 28 U.S.C. § 2255. Thornton's construed § 2241 petition will be denied, and this action will be dismissed.

## V.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Harold Thornton's motions for the appointment of counsel [R. 2, 3] to represent him in this construed § 2241 habeas petition are **DENIED**.

(2) Harold Thornton's request to transfer this action to the Middle District of Florida, Tampa Division, is **DENIED**.

(3) Harold J. Thornton's construed 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus is **DENIED**;

(4) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket; and,

(5) Judgment shall be entered contemporaneously with this Memorandum

Opinion and Order in favor of the Respondent, Richard Ives, Warden at USP-McCreary.

This the 29th day of September, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge